# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

QUINELL C. MAY,

        Petitioner,               Case Number: 05-CV-71084

v.                                          HON. GERALD E. ROSEN

KENNETH MCKEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Quinell C. May has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, challenges his armed robbery and felony firearm convictions. For the reasons set forth below, the Court denies the petition.

### I. Procedural History

Petitioner was charged with armed robbery and felony firearm in three separate cases in Wayne County Circuit Court. Petitioner exercised his right to a jury trial in the first case (Case No. 01-3438). He was found guilty. Petitioner does not challenge that conviction in this petition. On May 9, 2002, Petitioner then pleaded no contest to the remaining two counts of armed robbery and felony firearm (Case Nos. 01-3439 & 01-5237). The plea-based convictions are the subject of the pending petition.

On May 24, 2002, Petitioner was sentenced to three concurrent terms of 12-1/2 to 25 years imprisonment, plus two years imprisonment for the felony firearm convictions. Prior to sentencing, defense counsel moved to withdraw from the case and Petitioner moved to withdraw

his plea. The trial court denied both motions.

Petitioner filed an application for leave to appeal the plea-based convictions in the Michigan Court of Appeals, presenting the following claim:

> The trial court abused its discretion in denying defendant's motion to withdraw his plea; Mr. May was denied his right to effective assistance of counsel at his motion to withdraw, and his plea was not knowingly or voluntarily made.

The Michigan Court of Appeals denied leave to appeal with respect to both cases for lack of merit in the grounds presented. People v. May, No. 24860 (Mich. Ct. App. Jun 18, 2003 & July 10, 2003).[1]

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. May, No. 124333 (Mich. June 30, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I.  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea.
>
> II. Denial of effective assistance of counsel.

## II. Analysis

### A. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

---

[1] Although Petitioner filed a consolidated application for leave to appeal both plea-based convictions and the Michigan Court of Appeals assigned a single case number to the appeal, the Court of Appeals issued two orders denying leave to appeal.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. <u>Franklin v. Francis</u>, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[2]; *see also* <u>Cremeans v. Chapleau</u>, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result

---

[2] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409.  The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

Id. at 409-11.

### B.  Voluntariness of Plea

In his first claim for habeas corpus relief, Petitioner alleges that his plea was involuntary because he did not understand the nature of the charge and the consequences of the plea.

When a petitioner is convicted as a result of a guilty plea, habeas review is limited to whether the plea was made voluntarily, intelligently, or knowingly. See United States v. Broce, 488 U.S. 563 (1989); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

> "[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats . . . misrepresentations (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the

prosecutor's business (e.g. bribes).

Brady v. United States, 397 U.S. 742, 755 (1970) (internal quotation omitted). A plea may be challenged under the Due Process Clause where a defendant was not fully apprised of the consequences of the plea. Id.

The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's applications for leave to appeal. Therefore, the last state court to address Petitioner's claims regarding the voluntariness of his pleas was the trial court. The trial court held that Petitioner failed to show that he was pressured into entering a plea, that he had ample time to consult with his attorney and family members, and that the evidence of guilt was substantial.

Prior to accepting Petitioner's no contest pleas, the trial court judge engaged in a colloquy with Petitioner assessing Petitioner's understanding of the plea agreement. The trial court advised Petitioner that, by pleading guilty, he was giving up a host of rights, including his right to a trial by jury or a bench trial, the right cross-examine prosecution witnesses, the right to call witnesses on his own behalf, and the right to testify in his own defense. He was advised that the Court had undertaken a Cobbs analysis[3] and concluded that the judge would impose a minimum sentence of twelve years plus two years for the felony-firearm convictions and that the sentences for the armed robbery convictions would run concurrently. Petitioner stated that he understood the terms of the plea bargain and that no other promises were made to him regarding the plea.

---

[3] People v. Cobbs, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation. Petitioner does not allege any Cobbs-related violation.

The Sixth Circuit has held that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

Ramos v. Rogers, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting* Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986)).

Given that the trial court explained to Petitioner all the terms of the plea agreement, that Petitioner stated that he understood the plea agreement and did not mention any additional promises, the Court finds that Petitioner has failed to establish that his no contest pleas were involuntary, or that the trial court's conclusion regarding the voluntariness of Petitioner's pleas was contrary to or an unreasonable application of Supreme Court precedent.

### C. Alleged Ineffective Assistance of Counsel

Next, Petitioner claims that his attorney was ineffective in failing to file a proper Notice of Alibi. Petitioner's purported alibi witness, his cousin, Renata Carter, was not permitted to testify at his trial on the first armed robbery charge because a Notice of Alibi had not been timely filed with the trial court. Petitioner made an offer of proof at trial with respect Carter's alibi testimony, during which Carter testified that he and his wife drove to Michigan from Ohio to spend the holidays with family in December 2000. They left Michigan a couple of days after Christmas. Petitioner returned to Ohio with them and spent approximately one month there.

6

Petitioner presented his ineffective assistance of counsel claim in his applications for leave to appeal in both the Michigan Court of Appeals and Michigan Supreme Court. Both state courts denied leave to appeal in one sentence opinions which did not address the merits of the claims. Where a state court declines to address the merits of a properly raised issue, this Court conducts an independent review of the issue. *See* Harris v. Stovall, 212 F.3d 940, 943 (6th Cir. 2000) (holding that where a state court, although deciding a claim, does not offer some explanation of its decision, a federal court must conduct an independent review of the state court's decision).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Supreme Court emphasized that, when considering an ineffective assistance of counsel claim, the reviewing court should afford counsel a great deal of deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

7

>reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. at 689 (internal citations omitted).

The two-part Strickland test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the Strickland v. Washington test is the same standard set forth above. Id. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial. Id. In addition, "an assessment of prejudice must include a prediction of the likely outcome at trial." Dando v. Yukins, 461 F.3d 791, 798 (6th Cir. 2006).

In declining to allow the alibi witness to testify in the jury trial, the trial court found that the failure to file a timely Notice of Alibi was not attributable to defense counsel. The trial court found that Petitioner failed to provide his attorney with sufficient information to locate the alibi witness, and that counsel exercised diligence by hiring a private investigator to attempt to locate the witness. Petitioner has failed to show that the trial court's finding that the failure to timely locate and secure the appearance of the alibi witness was attributable to Petitioner rather than his attorney was clearly erroneous or contrary to or an unreasonable application of Supreme Court precedent. Thus, Petitioner has failed to show that his attorney was ineffective in failing to file a

8

Notice of Alibi.

Moreover, one of the armed robberies to which Petitioner pleaded no contest occurred on December 16, 2000 (Circuit Court Case No. 5237). The alibi witness's testimony that, after Christmas 2000, Petitioner was in Ohio for approximately one month, would have been irrelevant to that charge. Thus, Petitioner cannot show how the absence of this witness impacted his decision to plead no contest to that charge.

The Court, therefore, concludes that Petitioner has failed to show that his attorney was ineffective in failing to file a Notice of Alibi when Petitioner failed to provide his attorney with sufficient information to locate the witness and the witness's proposed testimony was irrelevant to at least of the charges. Accordingly, the Court denies habeas corpus relief with respect to this claim.

### III.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: October 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager